UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WENDOLYN KIMMONS                                                                                    PLAINTIFF

V.                                                                       CIVIL ACTION NO. 3:12CV140 DPJ-FKB

DURHAM SCHOOL SERVICES                                                                        DEFENDANT

ORDER

This employment-discrimination case is before the Court on Defendant Durham School Services' motion to dismiss [6] for insufficient service of process in accordance with Federal Rule of Civil Procedure 12(b)(5).  Following a Show Cause Order [8], Plaintiff Wendoly Kimmons, who is proceeding *pro se*, filed a response in opposition.  Defendant did not file a rebuttal, and the time do so has now passed.  The Court, having considered the submissions of the parties, along with the pertinent authorities, finds that Defendant's motion should be denied.

I.     Procedural History

On February 28, 2012, Kimmons filed her Complaint [1] of sex discrimination against her employer, Durham School Services.  According to the Complaint, Durham maintains corporate offices in Warrenville, Illinois, and provides school bus services to school districts in Mississippi.  Compl. [1] at 1.  The Court granted Kimmons *in forma pauperis* status [3] on March 5, 2012, and the Clerk issued summons [4] as to Durham School Services, 13328 Hwy 18, Raymond, MS, on June 12, 2012.  The summons was received by the Hinds County Sheriff's Office shortly thereafter.  The proof of service [5] indicates that the summons was served by Michael Watkins on June 28, 2012, but neglects to tell to whom the summons was served.  Defendant complains that (1) service was not perfected within 120 days and (2) the summons was handed to an employee who was not authorized to receive service of process.

II.     Analysis

Rule 4(m) provides in pertinent part that "if service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint, the court, upon motion or on its own initiative after notice to the plaintiff shall dismiss the action without prejudice . . . ." However, Rule 4 also states that "if the plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period." According to a leading treatise, "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, . . . the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding *pro se*." Wright & Miller, 4B Fed. Practice & Procedure § 1137 (3d ed. updated Apr. 2012). "Moreover, even if good cause is lacking, the court has discretionary power to extend time for service." *Havard v. F.M. Logistics, Inc.*, 252 F.R.D. 317, 318 (S.D. Miss. 2008) (citation omitted).

Kimmons essentially concedes that she failed to serve Defendant within the 120 days or serve an authorized representative. She explains that when the process server returned the summons unexecuted, Resp. [13], Exh. A, she knew her 120-day window was closing and made alternative arrangements through Michael Watkins, Resp. [13], Exh. B. Kimmons "believed that the papers would be handed to the relevant personnel." Response [14] at 3. Kimmons asks the Court to deny the motion and "afford [her] additional time to serve process in the manner demanded in the law." Resp. [14] at 4.

Kimmons is proceeding *pro se*, and she made an effort to serve Durham within the 120-day window. Under these circumstances, the Court finds that Kimmons should be allowed

additional time to effect service of process.[1]  *See Int'l Fire & Safety, Inc. v. HC Servs., Inc.*, No. 2:06–cv–63, 2006 WL 2403496, *1 (S.D. Miss. Aug. 18, 2006) ("The court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow plaintiff another opportunity to serve defendant.").

III.     Conclusion

Based on the foregoing, Defendant's motion to dismiss is denied.  Plaintiff is allowed an additional sixty (60) days to properly execute service of process.  The U. S. District Clerk is hereby directed to reissue summons to Defendant.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2012.

                                             s/ *Daniel P. Jordan III*     
                                             UNITED STATES DISTRICT JUDGE

---

[1]  While the Court has not fully examined the timeliness of this Title VII suit, it does have concerns that dismissal could create a time-bar problem for Kimmons.  Where the applicable statute of limitations likely bars further litigation, the Fifth Circuit reviews dismissals for want of service of process under the heightened standard used to review a dismissal with prejudice. *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).  Dismissals with prejudice are warranted only where " 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)).